[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Background:
The above two cases were tried at the same time. The plaintiff in Docket No. CV 97-73236 is the defendant in Docket No. CV 97-73382; the defendant in CV 97-73236 is the plaintiff in CV CT Page 5190 97-73382. Richard McCue is one party, Ongley and Cross are the other parties, and will hereafter in this memorandum be known as Ongley.
McCue is a general contractor who hired Ongley as a carpentry subcontractor on a kitchen remodeling job in the Spring of 1996. McCue claims damages of $25,726.29, for the cost of repairs and replacement of Ongley's shoddy work, less $8,058.29 owed for extras, plus $1,100 for the cost of posting a bond to release a mechanic's lien filed by Ongley, a net therefore claimed by McCue of $18,768.00.
Ongley claims that McCue owes them $8,058.29, which represents the final adjusted contract price less $32,800 paid by McCue.
Facts:
The court, after reviewing the evidence, both oral and documentary, and having evaluated the credibility of the witnesses, finds the following facts:
1. In the Spring of 1996 the parties agreed to a revised contract price of $34,673.76 for kitchen work to be done at the Neeson/Richardson property on Tower Hill Road, Washington, New York. There were extras done by Ongley as the job went on.
2. Some of Ongley's work was not performed in a workmanlike manner, other problems that arose were not the fault of Ongley.
3. The reasonable cost incurred by McCue to remedy those parts of Ongley's work which were not done in a workmanlike manner was $10,000.
4. On September 3, 1996, McCue and the architect gave Ongley a punch list of items to be completed, and by September 13, 1996, every item was completed by Ongley except for #2, which Ongley agreed to guarantee to the architect. Neither McCue nor the architect notified Ongley that the punch list was not complied with. On September 10, 1996, McCue sent a fax to Ongley, in which McCue expresses satisfaction with the relationship, and hopes that the parties will be able to work together again on other jobs. Between that date and October 23, 1996, McCue did not make any complaints about Ongley's work, and on October 23, 1996, McCue informed Ongley that he would not pay Ongley's bill because of "your lack of quality and work scheduling." CT Page 5191
Ongley also claims that McCue's actions constitute unfair methods of competition, unfair acts or practices, or deceptive acts or practices, in violation of the Conn. Unfair Trade Practices Act.
 Section 42-110b(a) CUTPA, provides that [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
The court finds that the actions or inactions of McCue do not constitute conduct prohibited by CUTPA.
McCue claims that Ongley interfered with his contract with the property owners by causing a mechanic's lien to be placed on the property, thereby causing damage to his reputation and making his performance of his contract with the property owners more burdensome and costly.
The court finds that McCue has failed to prove this claim.
Conclusion:
In the case of Richard E. McCue v. John W. Ongley, Et Al, Docket No. CV 97-73236, judgment may enter in favor of the plaintiff McCue in the amount of $10,000.00.
In the case of John W. Ongley, Et Al v. Richard E. McCue, Docket No. CV 97-73382, judgment may enter in favor of the plaintiffs John W. Ongley and Christopher Cross in the amount of $8,058.29.
WALSH, J.